|                  |                        |
|------------------|------------------------|
| Judge:           | Christopher M. Alston  |
| Chapter:         | 7                      |
| Hearing Date:    | July 19, 2023          |
| Hearing Time:    | 1:30 p.m.              |
| Hearing Site:    | Via ZoomGov.           |
| Response Date:   | July 12, 2023          |

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| In Re: | Case No. 22-11350-CMA |
|---|---|
| NATHAN WHYTE<br>TRACI WHYTE,<br><br>Debtors. | NOTICE OF HEARING ON AND TRUSTEE'S MOTION FOR ORDER REQUIRING THE DEBTORS TO TURNOVER PROPERTY OF THE ESTATE |

**PLEASE TAKE NOTICE THAT** MICHAEL KLEIN, the Chapter 7 Trustee in the above-captioned case ("Trustee"), by and through his undersigned counsel, moves the Court for an order Compelling Nathan and Traci White ("Debtors") to Turnover Property of the Estate for the reasons set forth below ("Trustee's Motion").

The hearing on the Trustee's Motion will be heard on Wednesday, July 19, 2023 at 1:30 p.m. via ZoomGov. Call in instructions to participate in the hearing are contained at the end of the document. Any objections to the Trustee's Motion are due on or before Wednesday, July 12, 2023. Further information regarding objections are set forth in the last section of this document captioned as Objections.

## I. FACTS

1. The Debtors filed a voluntary Chapter 7 petition on August 22, 2022 ("Petition Date").

**Residence**

2. The Debtors purchased vacant land located at 2942 NW Costa Vida Way Poulsbo, Washington 98370 and subsequently constructed a Residence on the land ("Residence"). The Property was purchased from the Debtors' wholly owned business,

MOTION TO COMPEL TURNOVER
Page 1

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Agate River Construction, Inc. ("Agate"). See Declaration of Kieran McKee, **Exhibit 2**, page 32, lines 6-29 and page 33, lines 1-29 ("McKee Declaration").

3. The Debtors granted several deeds of trust against the Property. Bankruptcy Schedule D [dkt # 12]. The Trustee does not believe that there is any equity in the Residence for the Debtors. The Trustee believes that he can avoid the fifth position deed of trust granted to Pravati Investment Fund in the amount of $652,016.50 to create equity for the estate. See Declaration of Michael Klein, ¶ 5.

4. On or about June 23, 2022, the Debtors listed the Residence for sale for a price of $2,950,000. The Debtors believed that in order to achieve the best price possible, they should move out of the Residence. The Debtors signed a one-year lease for property located at 1755 Ashby Avenue, Poulsbo, Washington 98370 ("Ashby Rental"). They moved into the Rental in March of 2022. McKee Declaration, Exhibit 1, page 4, lines 4-29.

5. When the Debtors moved out of the Residence in March of 2022, they did not file a statement of non-abandonment of homestead. Klein Declaration, ¶ 7.

6. On March 15, 2022, the Debtors paid the Ashby Property Landlord $33,600 in full payment of the remainder of the lease. Klein Declaration, **Ex. 1.**

**Whyte Bankruptcy**

7. The Debtors filed for bankruptcy on August 22, 2022 and listed the Ashby Rental as their address. As of the Petition Date the Debtors had almost eight months remaining on the Ashby Rental lease. The bankruptcy case was dismissed on September 9, 2022, for failure to file schedules. That same day, September 9, 2022, the Debtors filed their schedules. On September 9, 2022, the Debtors' filed a motion to vacate the order of dismissal [dkt 15]. An order vacating the dismissal order was entered on October 24, 2022 [dkt. 22]. The 341 meeting was rescheduled to November 22, 2022.

MOTION TO COMPEL TURNOVER
Page 2

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

8. In answer to question one on Schedule A/B the Debtors' stated that the Residence was their "primary residence until it was recently listed in February 2022." Page 1 of 57 [dkt .12 ]. The Debtors schedules list only one executory contract on Schedule G, for a business lease in El Segundo, California. Their Schedule I, in answer to question 8a, lists net income from rental property and from operating a business, profession, or farm as $5,600. They indicated they had a short term renter for $2,000 per month but did not disclose whether the renter was at the Ashby Rental or at the Residence. They did not disclose any security deposits or prepayments in answer to question 22 of Schedule A/B.

9. At the November 22, 2022, § 341 meeting the Debtors advised the Trustee that they had moved back into the Residence even though there were still five months remaining on the Rental Property Lease, which had been paid for. McKee Declaration, Ex. 1, Page 4, lines 13-15, page 5, lines 1-16 .They did so without the Trustee's knowledge or consent. Klein Dec. ¶ 9. At that same Section 341 meeting the Debtors testified that the income for renters disclosed on Schedule I was from a family renting the basement of the Residence for $2,000 per month. McKee Declaration, Exhibit 1, page 5, lines 15-18 and page 6, lines 16-20.

10. The Debtors, their two young children and their dog all moved into the Residence. No one contacted the Trustee and asked for permission to move back into the Residence. Upon learning the Debtors had moved back into the Residence the Trustee demanded payment of $3,500 per month in rental income. The Debtors refuse to make any rental payments, claiming they are entitled to live in the Residence rent free until it is sold. Klein Declaration, ¶ 10.

**The Debtors Rent the Residence Basement to the Teels**

MOTION TO COMPEL TURNOVER  
Page 3

**Wood & Jones, P.S.**  
303 N. 67th Street  
Seattle WA 98103  
(206) 623-4382

11. Alan and Stephanie Teel bought real property located at 2412 Costa Vida Way, Poulsbo, Washington from Agate Construction ("Teel Property"). Debtor Nathan Whyte testified that Freedom Excavating, an entity the Debtors own 60% of, was the general contractor for the construction of the Teel residence. McKee Declaration, **Ex 1,** page 7, lines 12-29 and page 8, lines 1-4.

12. On September 6, 2022, two weeks after the Petition Date, the Debtors entered into a lease with the Teels to rent the basement of the Residence. The Rent was $2,000 per month, except for September, which was $500.00 for the month. The Trustee was not advised that the Debtor entered into a lease of the Residence post-petition, nor did the Debtors file any motion seeking authority to enter into the lease. Klein Declaration, **Ex. 2, ¶** 12**.** The Teels lived in the basement until January, 2023, when they moved out of the basement of the Residence and into their new house despite the fact that there was no power or utilities, and no occupancy permit. The Debtors then ran huge cords from the Residence across their property to the Teel Property so it would be supplied with power and the internet, even though the Trustee had the Residence listed for sale and it was a terrible visual for any potential buyers. The Trustee made a demand for turnover of the Teel rental income, but only $2,000 was turned over, so $8,500 remains owing by the Debtors to the estate in Rental income. Klein Declaration, ¶ 14.

13. After the Teels moved out, the basement smelled like cat urine. The Debtor pulled up the carpeting in the basement. However, he has not replaced it even though he received $900.00 from the Teels to replace the carpet. Klein Declaration, ¶ 13.

14. The Trustee had heard rumors that the Debtors were interfering with the sale of Residence, but no one was willing to sign a Declaration. At the Section 341 meeting conducted on February 14, 2023, the Trustee asked about statements the Debtor made to the potential buyers. After the hearing the hearing the Debtor's testimony, the

MOTION TO COMPEL TURNOVER  
Page 4

**Wood & Jones, P.S.**  
303 N. 67th Street  
Seattle WA 98103  
(206) 623-4382

Trustee advised the Debtors that they were not to speak to anyone regarding the Residence or take any action whatsoever relating to the Residence. The Debtors acknowledged that they understood and what take no action or talk to anyone regarding the or interfere in any manner with the sale of the Residence. McKee Declaration, **Ex. 3, Page 2 - 6.**

**Costa Vida Subdivision**

15. The Debtors and the Teels live next door to each other in the Costa Vida Subdivision**.** The additional residents of the Costa Vida division are David and Judy Kirk. ("Kirk") and James and Pamela Pappas ("Pappas"). Klein Declaration, ¶ 15.

16. All four of the parcels are subject to and bound by a recorded Road Maintenance Agreement ("RMA"). The RMA reserves an easement for ingress, easement and utilities that is 30 feet wide. Klein Declaration**,** Ex.5, ¶ 16**.**

17. On March 2, 2023, Debtor Nathan Whyte wrote a letter to the Kirks stating that he determined there was a great need for more usable ingress and egress for the Residence and the Teel Property. He further stating that the Residence and the Teel Property were entitled to an unencumbered 30 foot wide ingress and egress access, and that on March 6, 2023, Mr. Whyte would begin adjusting the layout of the rock all and moving the buffer of trees and plants that the Kirks had planted. In other words, they were going to start tearing up the easement and the rock wall, even though the Trustee had the Residence listed for sale. Klein Declaration, ¶17, Ex. 5.

18. The next day, March 3, 2023, the Kirks' attorney filed a Verified Complaint in Kitsap County Superior Court ("KCSC") as well as a Motion for a Temporary Restraining Order and Preliminary injunction, which was heard the same day, March 3, 2023. Klein Declaration, Ex. 3, 4 and 5. Debtor Nathan Whyte appeared at that hearing. He did not advise the Court that he was in bankruptcy and the Residence was under the jurisdiction

MOTION TO COMPEL TURNOVER
Page 5

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

of the Bankruptcy Court, or that it was currently listed for sale by the Trustee. The Judge hearing the case granted a preliminary injunction with a hearing on a permanent injunction scheduled for Friday, March 24, 2023. Klein Dec., ¶ 18 and Ex. 6.

19. After the hearing, Debtor Nathan Whyte advised the Teels' counsel, Phil Havers, that they were in bankruptcy, and he would be hearing from his bankruptcy attorney. Mr. Havers returned to his office and searched for the bankruptcy filing and then contacted the Trustee, Michael Klein. The Trustee's counsel had lengthy discussions with Mr. Havers. Absent the Kirks obtaining a restraining order, the Debtors would have started tearing up the access to the Property on March 6, 2023, without the knowledge or consent of the Trustee. The Trustee would have absolutely forbidden the writing of the March 2, 2023, letter or any action being taken because 1) the driveway is fine as is; 2) the rock wall is an improvement and enhancement to the Residence, not a negative; and 3) tearing up rock wall and driveway would be detrimental to the ongoing efforts to sell the Residence. The Debtors actions in writing the letter and preparing to take action regarding the Residence was in directly contrary to what the Trustee had discussed with the Debtors at the § 341 meeting and what the Debtors had agreed they would not do. Klein Declaration, ¶ 19 & 20.

**Showings of Property**

20. The Trustee believes that selling the Residence is being hampered by the Debtors living in the Residence. The problems created by the Debtors' presence are:

- The Debtors will only allow showings between 9 a.m. and 1 p.m. and again between 4 p.m. to 6 p.m. This time limitation prevents showings during majority of the afternoon and evening, which often is prime showing time because people are off work;

- The Debtors require four hour notice of showings;

- The Debtors frequently deny weekend showings due to their personal visitors being at the Residence;

MOTION TO COMPEL TURNOVER
Page 6

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

- The Debtors frequently deny or are unavailable to approve special requests from listing agents for short-notice showings;

- There are cameras located in the home make buyers uncomfortable which also prevents open discussion during showings;

- Photos of the family throughout the home are distracting and create guilty feelings among buyers who know it is a bankruptcy (they do not want to displace this beautiful family). Exacerbating this problem is the fact that the Debtors often leave, loading their young children in the car, during the Buyers arrival, even though they have had four hours' notice of the buyers' arrival;

- Because the family is living in the home there is increasing wear and tear on the property and things that break are not being repaired. For example, there is currently a thermostat that needs to be replaced and smoke detectors with batteries need replacing;

- Because the thermostat is broken, the heat pump is no longer working, and the Debtors have installed a window AC in the upstairs game room area. This looks terrible and makes people think the heat pump is broken.

- Buyers are increasingly remarking on the wear and tear on flooring and paint throughout the home.

See Declaration of Lori Sinclair filed simultaneously herewith and the Declaration of Klein, ¶ 21.

## II. LAW AND ARGUMENT

The Bankruptcy Code states "[t]he debtor shall … if a trustee is serving in the case … surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title[.]" 11 U.S.C. § 521(a)(4).

The Ninth Circuit remarked "[t]he filing of a Chapter 7 bankruptcy petition automatically creates an estate . . .. The trustee is the representative of this estate, and the debtor has a duty to surrender to the trustee all estate property." *In re Mwangi*, 764 F.3d 1168, 1173 (9th Cir. 2014) (citations omitted). In an unpublished decision, the Ninth Circuit Bankruptcy Appellate Panel noted "this duty, is non-negotiable." In re Nakhuda,

MOTION TO COMPEL TURNOVER
Page 7

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

2015 WL 873566, at *3 (B.A.P. 9th Cir. Mar. 2, 2015); see also <u>Brower v. Evans</u>, 257 F.3d 1058, 1068 n. 10 (9th Cir. 2001) (stating "'[s]hall' means shall").

In <u>Nakhuda</u>, the Panel affirmed a bankruptcy court's order compelling turnover of bankruptcy estate assets and records and discontinuance of the Debtor's operation of two businesses. In its ruling, the Panel observed the following:

> Here, the Trustee merely sought an order requiring the Debtor to comply with his duties under § 521(a)(3) and (a)(4), duties statutorily imposed without necessity of a court order. Thus, once again, it mattered not whether the Debtor received notice and the opportunity to be heard on the Trustee's application. He could not object to the Trustee's appropriate request for physical surrender of either property of the estate or information relating to property of the estate.

<u>Nakhuda</u>, 2015 WL 873566, at *3.

A debtor has a duty to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title." § 521(a)(3). In the event a debtor fails to cooperate, the trustee may seek turnover of estate property. *See Collect Access LLC v. Hernandez (In re Hernandez)*, 483 B.R. 713, 720 (9th Cir. BAP 2012) ("A bankruptcy court may order turnover of property to the debtor's estate if, among other things, such property is considered 'property of the estate.'"); *In re Bolden*, 327 B.R. 657, 668 (Bankr. C.D. Cal. 2005) ("[Debtor] has been uncooperative. The trustee needs a turnover order to market and sell the property.").

The Debtors have no right to live in the Residence. They were not living in the Residence on the Petition and had not lived at the Residence for the five months prior to the Petition Date. They did not file a Notice of Non-Abandonment before or after they moved out. In their prior attempts to sell the Residence, the Debtors determined the sales price would be higher if they were not living there. Nonetheless, they moved back into the Residence knowing the Trustee was in the process of listing the Property for sale. There is absolutely no equity in the Residence for the Debtors. The Trustee believe there is equity for the estate because of the likely voidability of the Pravatti deed of trust. Finally, the

MOTION TO COMPEL TURNOVER
Page 8

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382

Trustee believes the Debtors have hampered the listing of the Property with their refusal to abide by the listing times and their demands as to restrictions on showings.

The Debtors are living on the Property without paying rent. In addition, post-petition, the Debtors entered into a lease renting out the basement of the Residence but did not obtain approval from the Trustee or the Court to enter into the lease. They have failed to remit the rental income to the Trustee. The basement was in perfect condition before the Debtors, post-petition, decided to rent it out. The Property was damaged by the renters. The Trustee has demanded turnover of the rental income for the terms the Teels were residing the Residence, $500 for September and $1,000 for October, November and December of 2022, and January of 2023, for a total of $8,500. He has been paid $2,000. The Trustee asks that this Court compel the Debtors to turn over the remaining $6,500 they received from the unauthorized renal of the Basement.

The Trustee has also demanded that the Debtors pay $3,500 a month in rent. The Trustee believes the Debtors were paying $2,750.00 for the Rental. The Debtors have indicated they do not have to pay the Trustee any money because they are entitled to live in the Residence for free. They have not disputed that the amount sought by the Trustee is inappropriate.

### III. CONCLUSION

WHEREFORE, the Trustee requests that this Court enter an order requiring the Debtors to vacate the Residence and ordering the U.S. Marshal to evict the Debtors if they do not voluntarily leave the Residence. The Trustee also seeks an order compelling the Debtors to turn over the $6,500 in rental income they received from the Teels. Finally, the Trustee seeks an order compelling the turnover of $3,500 per month for the entire time the Debtors have resided in the Residence post-petition. The Debtors moved back into the Residence by November 6, 2022, so at the time this motion is heard they will have been

MOTION TO COMPEL TURNOVER  
Page 9

**Wood & Jones, P.S.**  
303 N. 67th Street  
Seattle WA 98103  
(206) 623-4382

there nine months, so he believes the Court should order the Debtors to pay the Trustee $31,500.

Dated this 28th day of February, 2023.

### IV. OBJECTIONS

<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to approve Trustee's Motion, or if you want the court to consider your views on the Trustee's Motion, then on or before Wednesday, July 12, 2023, you or your attorney must file your objection and serve a copy upon Denice Moewes, Wood & Jones, P.S., 303 N. 67th Street, Seattle, WA 98103.

If you mail your response, objection or comment to the Court and counsel, you must mail it early enough so that the court will receive it on or before the date stated above.

If you or your attorneys do not take these steps, the Court may decide that you do not oppose the Trustee's Motion and may enter an order granting the relief requested in the Trustee's Motion.

Further information regarding the Trustee's Motion may be obtained by telephoning Denice E. Moewes, at (206) 623-4382.

Dated this 28th day of June, 2023.

WOOD & JONES, P.S.

/s/ Denice Moewes
Denice Moewes, WSBA #19464
Attorney for Chapter 7 Trustee
Michael Klein

**JOIN ZOOMGOV MEETING**
https://www.zoomgov.com/j/1606844370?pwd=VkpOZktDalNiNzZ2S2RLbTZHU1A1QT09( link is external)
**Meeting ID: 160 <u>684 4370</u>**

**Passcode: 804281**
One tap mobile
+16692545252,,1606844370# US (San Jose)
+14154494000,,1606844370# US (US Spanish Line)
**Dial by your location**
+1 669 254 5252 US (San Jose)
+1 415 449 4000 US (US Spanish Line)
+1 669 216 1590 US (San Jose)
+1 551 285 1373 US
+1 646 828 7666 US (New York)
+1 646 964 1167 US (US Spanish Line)
**Find your local number: https://www.zoomgov.com/u/ad2zlHPOQ0(link is external)**

MOTION TO COMPEL TURNOVER
Page 11

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103
(206) 623-4382